# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| MUNJED AL MUDERIS, dba OSSEOINTEGRATION GROUP OF AUSTRALIA, and OSSEOINTEGRATION INTERNATIONAL PTY LTD., <br><br> Plaintiffs, <br><br> v. <br><br> FRED HERNANDEZ, and AMPUTEK, INC., <br><br> Defendants. | Case No.: 2:19-cv-01002-APG-DJA <br><br> **ORDER GRANTING PLAINTIFFS' MOTION TO APPLY PROPERTY TOWARD SATISFACTION OF JUDGMENT** <br><br> [ECF No. 49] |

Plaintiffs Munjed Al Muderis and Osseointegration International Pty Ltd. move to apply certain property toward satisfaction of the judgment entered in this case. ECF No. 49. The defendants have not opposed the motion. "The failure of an opposing party to file points and authorities in response to any motion . . . constitutes a consent to the granting of the motion." Local Rule 7-2(d). And there is good cause to grant the motion on its merits, so I will do so.

On January 5, 2022, a judgment in the principal amount of $2,610,000.00 was entered in favor of the plaintiffs and against defendants Fred Hernandez and Amputek, Inc. ECF No. 46. Prior to entry of that judgment, Amputek was the registrant and owner of the domain name "Amputek.com," Registry Domain ID: 2095675113_DOMAIN_COM-VRSN (the Domain Name). At some point after April 11, 2022, Amputek used Domains By Proxy, LLC to mask the ownership of the Domain Name. The https://amputek.com website remains live and active and continues to promote the services and products of "AmpUtek – Medical device distributor."

Prior to entry of the judgment, Amputek was the owner of the "Amputek.com" logo, a trademark registered as Serial No. 90521294 with the U.S. Patent and Trademark Office (the

Mark).  At some point after April 11, 2022, Amputek purported to abandon the Mark, but the Mark continues to be used on the https://amputek.com website.

Under Nevada Revised Statutes § 21.320, I "may order any property of the judgment debtor not exempt from execution, in the hands of such debtor or any other person . . . to be applied toward the satisfaction of the judgment." *See also Duchek v. Jacobi*, 646 F.2d 415, 417 (9th Cir. 1981) ("In the absence of controlling federal statutes, the district court has the same authority to aid judgment creditors as that provided to state courts under local law.") (simplified); *Reynolds v. Tufenkjian*, 461 P.3d 147, 150 (Nev. 2020) ("Nevada's general policy is that a statute specifying property that is liable to execution must be liberally construed for the benefit of creditors.") (simplified).

The Domain Name and Mark are property of Amputek and are not exempt from execution.  Thus, they may be applied toward satisfaction of the judgment.

I THEREFORE ORDER that the plaintiffs' motion **(ECF No. 49) is GRANTED**.

I FURTHER ORDER that Amputek, Domains By Proxy, LLC, and any other person or entity purporting to act as the registrant of the Domain Name must transfer to the plaintiffs all control of, and registrant rights for, the Domain Name.

I FURTHER ORDER that ownership of the Mark and all legal rights arising from it, whether under federal or state statutory or common law, are hereby assigned to the plaintiffs.

Dated this 8th day of June, 2022.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE