UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MUNJED AL MUDERIS, dba OSSEOINTEGRATION GROUP OF AUSTRALIA, and OSSEOINTEGRATION INTERNATIONAL PTY LTD., <br><br> Plaintiffs, <br><br> v. <br><br> FRED HERNANDEZ, and AMPUTEK, INC., <br><br> Defendants. | Case No.: 2:19-cv-01002-APG-DJA <br><br> **ORDER GRANTING IN PART PLAINTIFFS' MOTION TO APPLY PROPERTY TOWARD SATISFACTION OF JUDGMENT** <br><br> [ECF No. 64] |

The plaintiffs filed an *ex parte* motion to apply certain property toward satisfaction of the judgment entered in this case. ECF No. 64.  Specifically, the plaintiffs seek to seize and sell a truck and a motorhome owned by defendant Fred Hernandez.  Because the motion was filed *ex parte*, the defendants have not had an opportunity to oppose it.  Nevertheless, based on the allegations in the motion, good cause exists to grant the motion in part.

On January 5, 2022, a judgment was entered in favor of the plaintiffs and against defendants Fred Hernandez and Amputek, Inc. ECF No. 46.  Since then, the plaintiffs' efforts to execute upon that judgment have been stymied by the defendants.  As a result, the plaintiffs filed a second lawsuit against the defendants asserting claims of fraudulent transfer and alter ego. *See* case No. 2:22-cv-00876.  In that case, Judge Navarro has ordered the defendants to show cause why they should not be held in contempt for violating her orders against transferring assets. Thus, good cause exists to consider this motion *ex parte*, to preclude the defendants from removing or secreting the vehicles before they may be seized.

Under Nevada Revised Statutes § 21.320, I "may order any property of the judgment debtor not exempt from execution, in the hands of such debtor or any other person . . . to be applied toward the satisfaction of the judgment." *See also Duchek v. Jacobi*, 646 F.2d 415, 417 (9th Cir. 1981) ("In the absence of controlling federal statutes, the district court has the same authority to aid judgment creditors as that provided to state courts under local law.") (simplified); *Reynolds v. Tufenkjian*, 461 P.3d 147, 150 (Nev. 2020) ("Nevada's general policy is that a statute specifying property that is liable to execution must be liberally construed for the benefit of creditors.") (simplified).

The defendants allege, but have not sufficiently proven, that the truck and motorhome are not exempt from execution. Nevada law exempts "one vehicle if the judgment debtor's equity does not exceed $15,000 or the creditor is paid an amount equal to any excess above that equity." Nev. Rev. Stat. § 21.090(f). The defendants allege (but offer no proof) that Hernandez owns two other vehicles, making the truck and motorhome liable to execution. However, Nevada law also exempts "[a]ny vehicle owned by the judgment debtor for use by the judgment debtor or the judgment debtor's dependent that is equipped or modified to provide mobility for a person with a permanent disability." Nev. Rev. Stat. § 21.090(p). "Farm trucks" and "farm equipment . . . belonging to the judgment debtor to be selected by the judgment debtor" are also exempt. Nev. Rev. Stat. § 21.090(c). The defendants do not address whether the truck and motorhome fall within these exemptions.

Given the defendants' apparent past efforts to thwart execution, I will allow the plaintiffs to seize the truck and motorhome. But they may not liquidate those vehicles until the defendants are given the opportunity to oppose the motion and demonstrate that the vehicles are exempt from execution.

I THEREFORE ORDER that the plaintiffs' motion **(ECF No. 64) is granted in part.**

I FURTHER ORDER defendant Fred Hernandez to immediately surrender possession of the following vehicles, including all keys and related items, to the plaintiffs or their agent or assignee:

1. 2011 Ford F150 – VIN 1FTFW1E61BFB67317 – NV license plate 954E65, and
2. 2004 Four Winds Motorhome – VIN 1F6NF53S140A11144 – CA license plate 7WZU887.

I FURTHER ORDER that Hernandez shall not do anything to decrease the value of the vehicles, including encumbering or impairing title, before surrendering possession to the defendants.

I FURTHER ORDER that if Hernandez fails to immediately surrender possession of the vehicles upon demand, the plaintiffs may seize them.

I FURTHER ORDER the plaintiffs to store the vehicles in a secure place until further order of the court to either return them to Hernandez or execute upon them.

I FURTHER ORDER the plaintiffs to immediately serve this order and the motion on the defendants, and to file a notice specifying how and when service was made. The defendants may file an opposition to the motion by March 17, 2023. The plaintiffs may file a reply in support of the motion by March 24, 2023.

Dated this 6th day of March, 2023.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE